# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT E. BOWMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 04-1288-WEB |
| | ) |
| JAMES E. PENNINGTON, Personal | ) |
| representative of the Estate of JAMES T. | ) |
| PENNINGTON, CHARLES M. DEW, | ) |
| and MASEY V. WOLFE, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM AND ORDER

Now before the Court are motions in limine, objections to witness lists, and objections to deposition testimony from Plaintiff and Defendants Wolfe and Pennington.

This case arises out of a vehicle accident which took place on June 25, 2000 on Kansas Highway K-96. James T. Pennington (Pennington), who was 15 years old, was driving eastbound on K-96 in a truck owned by his grandfather, Charles Dew (Dew). Masey Wolfe (Wolfe) was also driving eastbound on K-96 when a farm implement in the truck he was driving fell onto the highway. Pennington struck the fam implement, drove across the center line of the highway, and collided with a semi-truck driven by Plaintiff.

## I. Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Romine v. Parman*, 831 F.2d 944, 944 (10th Cir. 1987). However, some evidentiary questions are so dependent on state substantive policy that state law must be applied. *Id.* at 945. A trial court in its discretion regarding the admissibility of evidence, may look to the reasoning

employed by other circuits, districts or state courts when reaching evidentiary decisions. *Herndon v. Seven Bar Flying Service, Inc.,* 716 F.2d 1322, 1326 (10th Cir. 1983).

## II.  Motions in Limine

A.  Plaintiff

1.  Plaintiff requests that Defendants be barred from expressing any expert opinions on their own behalf because they did not designate themselves as expert witnesses.  See Fed. R. Civ. P. 26(a)(2)(C) (expert disclosures must be made 90 days before trial).  The Court agrees and grants this request.

2.  Plaintiff requests that Defendants be barred from introducing, displaying, or referring to any photographs of the remains of the Penningtons.  Plaintiff states the photographs show the charred remains of the Penningtons.  Photographs showing how the Penningtons looked at the time of their death is not relevant to determine negligence or Plaintiff's injuries as a result of the negligence.  Even if these photographs as described by Plaintiff were relevant, the Court finds their probative value to be substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403. The Court grants this request.

3.  Plaintiff requests that Defendants be barred from introducing, displaying, or referring to any evidence that the Plaintiff's brakes were out of adjustment.  Plaintiff argues there is no evidence the brakes contributed to the accident because Plaintiff had not begun braking prior to impact.

Defendant Dew is the only defendant in the pre-trial order who has asserted the comparative

fault of Plaintiff as a defense. Dew alleges Plaintiff was negligent in failing to control his vehicle and failing to keep a proper lookout. At the status conference, Defendants agreed with Plaintiff that this information has no relevance. Fed. R. Evid. 401. As a result, the Court grants this request.

4. Plaintiff requests that Defendants be barred from introducing, displaying, or referring to evidence that Plaintiff violated commercial vehicle regulations because he had no permit to operate in the state of Kansas, no log book, and no medical card. Plaintiff contends this evidence is not relevant because it was not a contributing factor to the accident or Plaintiff's injuries. At the hearing the Defendants agreed this information is not relevant. The Court grants Plaintiff's request.

B. Defendant Wolfe

1. Defendant requests that parties be barred from introducing or referring to evidence of liability insurance. The Court agrees that evidence of Defendants' liability insurance should be excluded. Fed. R. Evid. 411.

2. Defendant requests the parties be barred from introducing evidence of conversations between Plaintiff and other individuals about lost work as a result of the accident. Defendant claims such evidence violates the rules of evidence against hearsay.

The Court denies Defendant's blanket request to exclude all evidence of out of court conversations on this topic. Without hearing the particular statements and the context in which they were made, the Court will not grant this request. However, the Court will entertain hearsay objections to this testimony as they arise during trial.

3. Defendant requests the parties be barred from introducing evidence of other lawsuits arising from this accident because it would confuse the jury. Defendant does not specifically identify what about those lawsuits merits exclusion from this trial. Rule 403 allows for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." Defendant has not shown that this evidence would not be probative or that it would confuse or mislead the jury. The Court denies this request.

4. Defendant requests the parties be barred from referencing Plaintiff's impairment rating arising from the accident. Defendant claims this is irrelevant because the case is not a disability or worker's compensation claim.

The Court disagrees. The pre-trial order shows the extent of Plaintiff's injuries is an important issue in this case. The existence of an impairment rating would be relevant for the trier of fact to determine Plaintiff's credibility and the extent of his injuries. The Court denies this request.

5. Defendant requests Plaintiff be barred from referencing offers of compromise. The Court grants this request. Fed. R. Evid. 408.

C. Defendant Pennington

1. Defendant requests Plaintiff be barred from introducing evidence that Pennington used cruise control. Defendant claims such testimony would be speculative. Without hearing the

particular statements and the context in which they were made, the Court will not grant this request. However, the Court will entertain objections to this testimony as they arise during trial.

2. Defendant requests Plaintiff's expert witness, David Holt, be barred from testifying that Pennington was exceeding the speed limit at the time of the accident. Defendant claims Holt's opinions are unreliable because his testimony relies on an analysis of the Kansas Highway Patrol's accident report. Defendant claims Holt did not do any independent analysis of the accident.

This request is one to exclude the testimony of an expert witness under Daubert and Federal Rules of Evidence 702-705. Paragraph 15(c) of the pre-trial order unambiguously states that motions to exclude the testimony of an expert witness under Daubert and the Rules of Evidence must be made no later than 28 days before trial. Defendant's request is not timely as it was made 14 days before trial. Because Defendant has failed to adhere to the requirements of the pre-trial order, the Court denies Defendant's request.

3. Defendant requests Plaintiff be barred from introducing evidence of future medical treatment. The pre-trial order does not reveal any claim for future medical expenses or treatment. The deposition pages submitted with the motion show Plaintiff's expert Dr. Dahm stated a possible need for future surgery necessary but she could not comment on the cost of such surgery. At the hearing, Plaintiff stated he has estimates from the Mayo clinic that future medical expenses will be around $30,000 to $40,000 and he passed this information to Defendants some time ago. Furthermore, Plaintiff stated that a claim for future medical expenses was included in his initial complaint and he intends to file a motion to amend the pre-trial order to include future medical

expenses.  Given that Defendants had notice of the request for future medical expenses, the Court will allow Plaintiff to claim these damages at trial.

4.  Defendant requests that all parties be precluded from commenting on the status of James T. Pennington's driver's license and whether he was driving within the restrictions of the license. Defendant claims such evidence is not relevant and will confuse the jury.

The Court denies this request.  The issue in this case is the comparative negligence of the parties.  Whether Pennington was driving within the restrictions of his license is relevant to show whether he should have been driving at that time and place.  This issue is relevant and the possibility for juror confusion is minimal.

5.  Defendant requests the investigating officer's opinions and report which assess the fault and contributing factors of the accident be excluded from trial.  Rule 704 of the rules of evidence states that opinion testimony is not objectionable because it embraces the ultimate issue to be decided by the trier of fact.  "The Advisory Committee notes make it clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted.  Nor is the rule intended to allow a witness to give legal conclusions."  *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); see *Specht v. Jensen*, 863 F.2d 805 (10th Cir. 1988) (*en banc)*.

"The investigating officer's factual findings are clearly relevant and admissible to the extent that they help the jury understand or determine a fact in issue."  *Ferguson v. Martin Brower, L.L.C.,* 2006 WL 964796 (N.D. Okla., 2006).  However,  the investigating officer's testimony should not reach the ultimate issue of which party is legally at fault.  The sections of the investigating officer's

6

report which assess the cause and contributing factors to the accident go to the ultimate issue of who legally is at fault for the accident.  See *Lollis v. Superior Sales Co., Inc.*, 224 Kan. 251, 263, 580 P.2d 423 (1978).  This is a function for the jury.  The Court grants Defendant's request and will address any other objections to his testimony and report as they arise during trial.

### III.  Objections to Witness lists and Deposition Testimony.

Defendants Pennington and Wolfe filed objections to Plaintiff's witness and exhibit list.  Plaintiff is directed to file a response.  (Docs. 63, 66).  Plaintiff filed an objection to Wolfe's witness and exhibit list.  (Doc. 61)  Wolfe is directed to file a response.  Defendants Pennington and Wolfe filed objections to Plaintiff's designation of deposition testimony.  (Docs. 71, 73).  Plaintiff is directed to file a response.  The parties are also directed to submit copies of the depositions in question so the Court can rule on these issues.

It is ORDERED that Plaintiff's and Defendants' motions in limine (Docs. 59, 62, 64, 68, 75) be GRANTED in part and DENIED in part, consistent with the above memorandum and opinion.

SO ORDERED this 5th  day of February 2007.

       s/ Wesley E. Brown

       Wesley E. Brown, U.S. Senior District Judge