# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT E. BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 04-1288-WEB |
| | ) |
| JAMES E. PENNINGTON, Personal | ) |
| representative of the Estate of JAMES T. | ) |
| PENNINGTON, CHARLES M. DEW, | ) |
| and MASEY V. WOLFE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Now before the Court are motions in limine, motions to reconsider, motions to amend the pre-trial order, objections to witness lists and deposition testimony from Plaintiff and Defendants.

### I. Standard.

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Romine v. Parman*, 831 F.2d 944, 944 (10th Cir. 1987).  However, some evidentiary questions are so dependent on state substantive policy that state law must be applied. *Id.* at 945. A trial court in its discretion regarding the admissibility of evidence, may look to the reasoning employed by other circuits, districts or state courts when reaching evidentiary decisions. *Herndon v. Seven Bar Flying Service, Inc.,* 716 F.2d 1322, 1326 (10th Cir. 1983).

### II. Motions in Limine.

A.  Defendant Wolfe

1. Defendant renews his objection to the use of an impairment rating by Dr. Dahm and her

concomitant deposition testimony. (Doc. 86). Defendant argues it is irrelevant as this rating pertains to social security and worker compensation cases. Defendant also fears that any rating would tempt the jury to use a mathematical formula to assess damages in contravention of Kansas jury instruction.

> The American Medical Association states the following:
>
> (1) Permanent Impairment.-This is a purely medical condition. Permanent impairment is any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved, which abnormality or loss the physician considers stable or nonprogressive at the time the evaluation is made. It is always a basic consideration in the evaluation of permanent disability.
> (2) Permanent Disability.-This is not a purely medical condition. A patient is "permanently disabled" or "under a permanent disability" when his actual or presumed ability to engage in gainful activity is reduced or absent because of "impairment" which, in turn, may or may not be combined with other factors. A permanent condition is found to exist if no fundamental or marked change can be expected in the future.
> (3) Evaluation (Rating) of Permanent Impairment.- This is a function that physicians alone are competent to perform. Evaluation of permanent impairment defines the scope of medical responsibility and therefore represents the physician's role in the evaluation of permanent disability. Evaluation of permanent impairment is an appraisal of the nature and extent of the patient's illness or injury as it affects his personal efficiency in one or more of the activities of daily living. These activities are self-care, communication, normal living postures, ambulation, elevation, traveling, and nonspecialized hand activities.

(Doc. 82, Ex. A at 2).

Permanent disability describes his ability to engage in gainful activity. The permanent impairment rating is the physician's role in appraising the physical disability. Plaintiff is claiming future lost income; consequently, a physician's testimony about of the permanent impairment rating will be useful to a jury to determine the extent of Plaintiff's injuries and the impact on his ability to work and collect damages for lost future income.

The Court does not share Defendant's fear that the jury will mechanistically and automatically apply the impairment rating in a mathematical fashion to somehow determine the

amount of damages. Indeed, Defendant himself points to an instruction that protects against such an occurrence. See Pattern Instructions Kansas 3d 171.02. The Court also notes, contrary to defendant's assertion, that the use of a permanent impairment rating in negligence cases is not without precedent. *McMellon v. United States*, 2006 WL 2099211, (S.D. W. Va. July 26, 2006); *Donagher v. Airways Moving & Storage, Inc.*, 2006 WL 1910741 (S.D.N.Y. July 10, 2006); *Stevenson v. Harold MacQuinn, Inc.*, 2004 WL 384900 (D. Me. February 26, 2004); *Hoffman v. Halcot Shipping Corp.,* 2003 WL 446817 (E.D. La. February 20, 2003); *Henry v. Candy Fleet Corp.,* 2001 WL 121913 (E.D. La. February 12, 2001).

The permanent impairment rating is relevant and any juror confusion can be ameliorated through an instruction. Defendant's request is denied.

2. Defendant requests reconsideration of the Court's decision to admit evidence of future medical treatment. (Docs. 85, 86).[1] Defendant claims Plaintiff has failed to meet the standard to amend the pre-trial order and even if the claim for future medical expenses were permitted, evidence showing future medical expenses should be excluded on an evidentiary basis. Plaintiff has filed a motion to amend the pre-trial order to include evidence of future medical treatment. (Doc. 76). In its previous order, the Court did not address the admissibility of the evidence supporting the future medical expenses claim. It does so now.

Defendants argue there has been no admissible expert testimony as to what the reasonable and necessary expenses of any future surgery will be. Defendant's supports this argument with law

---

[1] Plaintiff has requested permission to amend the pre-trial order to include future medical expenses. (Doc. 76). This order also addresses that motion.

stating that medical experts must give opinions within a reasonable medical probability not those that are merely possible. *Pope By and for Juby, v. Ransdell,* 251 Kan. 112, 122 (1992); *see Howard v. TMW Enterprises, Inc*., 32 F. Supp. 2d 1244, 1252-1253 (D. Kan. 1998).

Plaintiff's expert witness, Dr. Dahm, made the following statements regarding future medical expenses:

> Q: What do you foresee Mr. Bownman might need in the future with regard to treatment for the injury to his shoulder?
> A: I told him that because he does not have a rotator cuff, he is at some risk for a disease that we call rotator cuff arthropathy,...
> Q: What would the effect of that type of a result be? What can you expect if that were to occur?
> A: With progression of rotator cuff arthropathy, occasionally, the loss of motion is great enough and the pain is great enough that a partial shoulder replacement is sometimes warranted.
> Q: And when you're talking about partial shoulder replacement, what are you referring to?
> A: Sometimes called a hemi arthroplasty where the head of the humerus, or the ball is actually cut off and replaced with a metal prosthesis.
> ...
> Q: Now, in terms of your prognosis testimony earlier regarding future treatment, you mentioned that rotator cuff arthropathy could be a possibility. Is that correct?
> A: Yes.
> Q: Not a probability. Correct? At this point in time you can't say within a probability that it's going to happen?
> A: I would say if I were to make an educated guess that it's more likely than not to happen?

(Doc. 82, Ex. B at 21: 11 - 22: 4 and 40: 22 - 41: 6).

Dr. Dahm stated with reasonable degree of medical probability that rotator cuff arthropathy would occur; however, she did not do the same with respect to the anticipated treatment. Dr. Dahm stated with the progression of rotator cuff arthropathy, occasionally the pain and loss of motion is so great that sometimes, partial shoulder replacement or hemi arthorplasty - is warranted.

This language is insufficient to reflect a reasonable medical probability. First the procedure only happens with the progression of rotator cuff arthropathy and there is no testimony as to the frequency or possibility of rotator cuff arthropathy progressing once it is diagnosed. Second, only

4

occasionally and sometimes does the pain and loss of motion result in the procedure for which Plaintiff requests future medical expenses.

As a result, Plaintiff's expert testimony regarding future medical expenses is excluded from trial as it is unreliable. The Court has not been made aware of any other expert testimony showing future medical expenses. Plaintiff's request to amend the pre-trial order to include this claim is denied as moot and Defendant's motion is granted because Dr. Dahm's testimony supporting such a claim is inadmissible. (Docs. 76, 85). The ruling on this issue supersedes the written ruling made February 7, 2007. (Doc. 77).

3. Defendant belatedly requests the Court exclude evidence of Bownman's loss of earnings claim. (Doc. 91). Defendant has made this request in the form of a supplemental motion in limine the day before trial. The pre-trial order specifically states motions in limine shall be made 14 days before trial. The Court declines to address this request made at such a late hour.[2]

B. Defendant Pennington

1. Pennington has filed what is in essence a motion requesting the Court reconsider its ruling on the admissibility of Pennington's restricted driver's license. (Doc. 84). In its order, the Court held this evidence was relevant. (Doc. 77). Unlike his first motion, Pennington has provided detailed factual and legal support for his request. Pennington claims the restrictions on his driver's license and his driving within those restrictions did not cause or contribute to the accident;

---

[2] The Court notes it is addressing certain requests in supplemental motions in limine; however, these are renewed requests regarding the subject matter already raised in earlier motions - not new objections as Defendant Wolfe is making.

consequently, it is not relevant. A violation of a traffic law is not relevant where the violation does not proximately cause the injury. *Williams v. Esaw*, 214 Kan. 658, 660, 522 P.2d 950 (1974). The Court will clarify its last order to permit this evidence to be introduced at trial only to the extent that it shows proximate cause. Any other objections to this issue will be addressed at trial.

### III.  Objections to Deposition Testimony.

Defendants Wolfe and Pennington request the Court exclude the following deposition testimony (Docs. 71, 73):

1. Dr. Dahm's testimony at 18:25 to 21:1 on the grounds that it speaks to the functional impairment rating. This issue was discussed earlier in the order. Denied

2. Dr. Dahm's testimony at 21:5 - 23:6 on the grounds that it speaks to future medical expenses. This issue was discussed earlier in the order. Granted.

3. Dr. Dahm's testimony at 31: 22-25 because it is an inadmissible colloquy between counsel and Dr. Dahm's testimony at 45: 5-15 because it is a leading question. The Court ordered the parties to submit a transcript of the relevant lines in question; however, that was not done. As a result, the Court is unable to evaluate the lines in question beyond the arguments of the parties. Denied.

4. Dr. Dahm's testimony at 38: 4 - 40: 21 on the grounds that it speaks to the functional impairment rating. Denied.

5. Dr. Dahm's testimony at 40: 22 - 41: 18 on the grounds that it speaks to future medical expenses. Granted.

6. Dr. Dahm's testimony at 44: 5-21 on the grounds that it speaks to the functional impairment

rating.[3]  Denied.

Defendant Pennington requests the Court exclude the following additional deposition testimony:

1.  David Holt's testimony at 14: 17 - 15: 1 and  16: 6-10 on the grounds that it is inappropriate expert opinion.  Defendant alleges it is inappropriate to allow this testimony to be heard because it is Holt's comments on a non-testifying expert's opinion.  Cline Young is listed on Plaintiff's final witness list.  As a result, Holt's testimony about Cline Young's opinion would be relevant as it would help the jury understand the two expert opinions.  See *Sawyer v. Southwest Airlines Co.*, 243 F. Supp. 2d 1257, 1266 (D. Kan. 2003) (doubts about expert testimony should be resolved in favor of admissibility).  Defendant also objects to Holt's comments about the conclusions of the accident report.  This is essentially the same objection raised in the motion in limine.  The Court already denied objections to Holt's expert testimony as these objections were raised too late. (Doc. 77).  The Court will not address the same objection to deposition testimony.  Any other objections can be raised at trial.

### IV.  Objections to Witness Lists.

A.  Plaintiff objects to Defendant Wolfe's witness list because (Doc. 61):

1.  It contains Plaintiff's adult son and daughter and they were not deposed prior to trial. Plaintiff cites no law for the proposition that only those individuals deposed can testify.  Denied.

2.  The witness list contains vague language that Wolfe intends to call all physicians or

---

[3] Only Defendant Wolfe made this objection.

healthcare providers who have treated plaintiff.  The Court agrees this language is too nebulous to meet the standard described in the pre-trial order.  (Doc. 46).  As a result, those physicians and health care providers who are not specifically named in the witness list shall not be allowed.  (Id. at ¶ 14(a)) (witnesses not so disclosed shall not be permitted to testify).

B.  Defendants Pennington and Wolfe object to the following (Docs. 63, 66):

    1.  Dr. Ng's opinion letter dated July 12, 2002 and Dr. Dahm's April 23, 2002 letter.  These letters contain an impairment rating.  As discussed earlier, the Court is not excluding evidence of an impairment rating.  Denied.

    2.  Dr. Dahm's March 31, 2004 letter as well as another March letter.  Defendants assert the letters are hearsay and not within a reasonable medical probability.  The Court declines to rule on the admissibility of these letters as they were not included with the motion.  Any further objections can be raised at trial.

    3.  Excerpts from the "Guide to the Evaluation of Permanent Impairments."  As discussed earlier, the Court is not excluding evidence of an impairment rating.  Denied.

    4.  Publications titled "Fundamentals of Vehicle Dynamics" from the Society of Automotive Engineers, "Traffic Accident Reconstruction" and an article titled "Friction Applications in Accident Reconstruction."  Defendants claims these were used by Cline Young who was an accident reconstruction expert designated by plaintiff but Dr. Young has not been designated as a witness for trial.  The Court disagrees because Dr. Young is listed in Plaintiff's witness list.  (Doc. 56 ¶ 9). Denied.

    5.  Article titled "Worklife and Disability: Confronting the Myths".  Defendant Pennington

claims it is inadmissible hearsay as it has not been established as a learned treatise. The Court declines to rule on this issue at this time. This article will be admissible if Plaintiff can establish the appropriate foundation at trial. The Court will address this objection if made at trial.

6. Karen Crist's fees schedule. Defendant Wolfe claims it contains references to fees and services that are unrelated to work performed in this case and it is likely to lead to juror confusion and prejudice for the Defendant. Plaintiff has agreed to redact the fee schedule. Granted.

7. Sworn statements and/or depositions of Plaintiff, Randy Wolfe, Masey Wolfe, Charles Dew, and Daniel Meyer. Defendant claims these are hearsay and cannot be admitted as substantive evidence. Plaintiff agrees and will use these statements for purposes of impeachment. Granted.

## V. Motion to Amend the Pre-trial Order.

Defendant Dew requests to amend the pre-trial order to delete contentions that Plaintiff was negligent as asserted in paragraph 5(d) of the pretrial order. (Doc. 93). The Court grants this motion. Any further objections or motions on this topic will be heard at trial.

It is ORDERED that be Plaintiff's and Defendants Wolfe's and Penningtons's objections to witness lists and exhibits (Docs. 61, 63, 66) be GRANTED in part and DENIED in part, consistent with the above memorandum and opinion.

It is ORDERED that be Defendants Wolfe's and Penningtons's objections to deposition testimony (Docs. 71, 73) be GRANTED in part and DENIED in part, consistent with the above memorandum and opinion.

It is ORDERED that Defendant Pennington's supplemental motion in limine (Doc. 84) be

DENIED.

It is ORDERED that Defendant Wolfe's motion to reconsider (Doc. 85) be GRANTED and Plaintiff's motion to amend the pre-trial order (Doc. 76) be DENIED.

It is ORDERED that Defendant Wolfe's second motion in limine (Doc. 91) be DENIED.

It is ORDERED that Defendant Wolfe's second motion for reconsideration (Doc. 86) be GRANTED in part and DENIED in part in accordance with this memorandum and order.

It is ORDERED that Defendant Dew's motion to amend the pre-trial order (Doc. 93) be GRANTED.

SO ORDERED this 12th day of February 2007.

 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge