**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROBERT E. BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 04-1288-WEB |
| | ) |
| JAMES E. PENNINGTON, Personal | ) |
| representative of the Estate of JAMES T. | ) |
| PENNINGTON, CHARLES M. DEW, | ) |
| and MASEY V. WOLFE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Now before the Court are Defendants Pennington and Wolfe's motions for a judgment as a matter of law, otherwise known as a directed verdict. Fed. R. Civ. P. 50(a). Pennington and Wolfe argue there should be a judgment as a matter of law to Plaintiff's claims on past and future economic damages because there is insufficient evidence to support such claims. The Kansas Supreme Court stated "to warrant a recovery for impairment of earning capacity in personal injury actions, the impairment of earning capacity must be shown with reasonable certainty or reasonable probability, and there must be evidence which will permit the jury to arrive at a pecuniary value of the loss." *Morris v. Fransisco*, 238 Kan. 71 (1985).

In this case, Plaintiff has shown evidence of his impairment and his loss of earning capacity through the testimony of Ms. Terrell. In Plaintiff's exhibit 49, he has shown how much he has earned over the years. Defendant argues the tax returns show he operated his businesses as a loss. While the tax returns may be more persuasive evidence of Plaintiff's earnings, the jury is free to use whatever evidence it finds more credible. The Court denies the motion on this basis.

Wolfe argues Plaintiff's claim of future medical treatment and damages were excluded from

trial; consequently, judgment for the defendant on this claim is warranted. The Court agrees.

Wolfe argues there is no evidence of conduct justifying punitive damages. The Court disagrees. To show wanton conduct, Wolfe must have realized there was imminent danger yet despite the realization, he consciously or knowingly disregarded the safety of others and failed to act. While Wolfe testified that he did not know the tail shaft fell out of the truck and that he was on the shoulder warning traffic of the danger, the testimony at times was inconsistent with prior statements and is contradicted by other witnesses. As a result, the jury has a basis for disbelieving Plaintiff's testimony of his actions to find that he knew the tail shaft fell out on the highway yet did nothing about it, including failing to warn or otherwise remove the obstruction from the highway. The Court denies this part of the motion.

Wolfe also argues there is no duty to warn. The Court recognizes the general rule that an actor is under no duty to take action for the benefit of another. However, there are exceptions. Section 321 of the second restatement of torts states "if the actor does an act, and subsequently realizes or should realize that it has created an unreasonable risk of causing physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect." Kansas courts frequently use the second restatement of torts and the Court will apply that here. The Court holds a duty to warn oncoming traffic about the fallen tail shaft in the road is appropriate given Wolfe's prior conduct creating the danger. This section of Wolfe's motion is denied.

Defendant Pennington's motion for judgment as a matter of law (Doc. 95) is DENIED and Defendant Wolfe's motion for judgment as a matter of law is DENIED in part and GRANTED in part in accordance with the above memorandum.

SO ORDERED this  16th   day of February 2007.

 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge