IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT E. BOWMAN,                         )<br>                                                              )<br>                    Plaintiff,              )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>JAMES E. PENNINGTON, Personal     )<br>Representative of the Estate of JAMES T. )<br>PENNINGTON; CHARLES M. DEW; and  )<br>MASEY V. WOLFE,                         )<br>                                                              )<br>                    Defendants.            )<br>_____) | No.  04-1288-WEB |

## **Order**

This matter is before the court on defendant Masey V. Wolfe's Motion to Deposit Funds with the Court (Doc. 106). Plaintiff Robert E. Bowman has filed a Response (Doc. 110), and defendant has now filed a Reply (Doc. 112). After reviewing the matter, the court enters the following order pursuant to Fed.R.Civ.P. 67.

Defendant Wolfe's Motion to Deposit Funds with the Court (Doc. 110) is GRANTED as follows. Defendant Wolfe is granted leave to deposit with the court said sum of $54,079.21, together with interest computed thereon at the statutory rate from the date judgment was entered until the date said sum is deposited with the court, and together with the costs of action owed by defendant Wolfe to plaintiff Bowman.

The Court notes defendant Wolfe's objection to the inclusion of interest because, defendant argues, the plaintiff is responsible for delaying this payment. The Court is not persuaded, however, that defendant's assertions relieve him of the obligation to pay post-judgment interest. To terminate that obligation, the defendant must make the money available to the plaintiff without attempting to

impose conditions or he must deposit it with the court.  Until that occurs, the defendant is obligated to pay interest on the judgment.  *See United States for Use of Garrett v. Midwest Constr. Co.*, 619 F.2d 349, 353-54 (5th Cir. 1980).

Upon receipt of such sum, the Clerk of the Court is hereby Ordered to deposit the funds in a money market account or other instrument at the prevailing rate of interest at a federally approved financial institution.  The initial investment is subject to the collateral provisions of Treasury Circular 176.

The Clerk shall deduct the administrative registry fee, set by the Director of the Administrative Office of the U.S. Courts at ten percent of the interest earned or as indicated based on the amount and time of deposit into the court, without further order of the court.  Said fee is authorized by the Judicial Conference of the United States.

IT IS SO ORDERED this   2nd    Day of May, 2007, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge